JOHN DEN v. ABRAHAM THOMPSON and THOMAS SINNICKSON.

The proceedings in a second action of ejectment, will be stayed, till the costs of the former ejectment are paid.

*Field* moved for a rule upon the lessors of the plaintiff, to stay proceedings until the costs of a former ejectment for the

Den *v.* Sinnickson.

same premises were paid. He stated that an action of ejectment had been commenced at the term of February, 1828, against Jacob Fox, for the premises in question; that in February Term, 1831, a judgment of nonsuit was ordered in consequence of the plaintiff's having neglected to carry the cause down for trial at the preceding circuit. At May term, 1831, the court set aside the judgment of nonsuit, upon the payment of the costs of the circuit and the nonsuit. The costs were taxed and payment demanded, but Jacob Fox, the defendant, dying, the costs were never paid. Another action of ejectment had been brought for the same premises, and the object of the application was, that the proceedings in the second action should be stayed until the costs of the former ejectment were paid.

*Southard* objected to the application upon two grounds. First, That this was an action between different parties, neither the lessors of the plaintiff, nor the defendants, being the same as in the former suit. Secondly, That the former suit abated by the death of the defendant, and that under such circumstances, the plaintiff is not liable for the payment of costs. He cited 1 *Cox*, 34; 1. *Stra.* 638; 2 *Blac. Rep.* 810; *Hullock on Costs*, 131.

*Field*, in reply. The only question is, whether the premises are the same, and the ejectment brought to try the same title. If so, the rule is of course to stay proceedings until the costs of the former action are paid, although the names of the parties may be different. As to the defendant not being the same, this must always be the case, on every change of the tenant. 2 *Sellon* 145; 2 *Arch. Pr.* 189. In *Doe ex dem, The Dutchess of Hamilton* v. *Hatherly*, 2 *Strange.* 1152, the lessors were different. In *Den ex dem, Angel* v. *Angel*, 6 *T. R.* 740, the defendants were different. In *Doe ex dem, Feldon* v. *Roe*, 8 *T. R.* 645, both the lessors of the plaintiff and the defendant were different, the former ejectment having been brought by the plaintiff's father against the father of the defendant. In this case, the defendants are Thomas Sinnickson, the executor and devisee of Jacob Fox, the defendant in the former suit, and Abraham Thompson, the tenant in possession.

As to the second objection, the former suit did not abate. The judgment of nonsuit was ordered to be set aside upon the

Mann *v.* Glover.

payment of costs. Those costs never having been paid, the judgment remains in full force.

BY THE COURT. Let the rule be granted to stay proceedings in this action until the costs of the nonsuit and of December circuit, 1832, are paid. These are the only costs, which the defendants have a right to demand.